Marcel A. Quinn
Todd A. Hammer
Hammer, Jacobs & Quinn, PLLC
100 Financial Drive, Suite 100
P.O. Box 7310
Kalispell, MT 59904-0310
Telephone: (406) 755-2225
Facsimile: (406) 755-5155
Attorneys for Plaintiff

2015 JUL -2 AM 10: 32

BY_____

MONTANA ELEVENTH JUDICIAL DISTRICT COURT, FLATHEAD COUNTY

| | |
|---|---|
| ANDREW TECHMANSKI,<br><br>Plaintiff,<br><br>vs.<br><br>QUANTA FIELD SERVICES, LLC, and QUANTA POWER, INC.<br><br>Defendants. | Cause No.: DV-15-559 A<br>**TED O LYMPUS**<br>COMPLAINT AND<br>DEMAND FOR TRIAL BY JURY |

COMES NOW Plaintiff Andrew Techmanski and for his claim or claims relief, alleges as follows:

1. Plaintiff Andrew Techmanski is a resident of Flathead County.

2. Defendant Quanta Field Services, LLC ("Quanta Field Services") is a wholly owned subsidiary of Defendant Quanta Power Generation, Inc. ("Quanta Power").

3. On or about September 1, 2014, Plaintiff was hired by Quanta Field Services as a Senior Vice-President. Plaintiff was hired with the understanding and expectation he would be promoted to President of Quanta Field Services when the current President, Ernest Teague, was promoted to President of Quanta Power.

4. Plaintiff acted as Senior Vice-President of Quanta Field Services from September

2, 2014 through April 1, 2015, at which time he was promoted to President of Quanta Field Services.

5. In April of 2015, Plaintiff was directed to assist with restructuring of Quanta Field Services, including ending services provided to client Sandridge Energy and to terminate the employment of approximately 75% of the employees of Quanta Field Services associated with rendering services to that client.

6. At the time of the restructuring of the company and reduction in workforce, Plaintiff was advised, promised and reassured by Quanta Power President, Ernest Teague, acting for and on behalf of Quanta Power and within the scope of his apparent and actual authority, that Plaintiff would remain employed within the family of Quanta companies despite the restructuring.

7. These representations were material to Plaintiff, and Plaintiff reasonably relied on the representations of Ernest Teague, as agent and representative of Quanta Power.

8. Relying on the representations of Teague, and following his directions, between April 21 and May 8, 2015, Plaintiff assisted with the preparation of reduction in workforce of approximately 75% of the workforce.

9. As a result of Plaintiff's reliance on the representations of Defendants, Plaintiff sold his Montana residence and purchased a residence in Denver, Colorado. Ernest Teague of Quanta Power represented, promised and agreed to pay $10,000 in closing costs for Plaintiff to relocate to Denver, Montana, as well as other relocation expenses. None of these costs or expenses was ever paid.

10. On or about May 8, 2015, Ernest Teague terminated Plaintiff with no reason, grounds or cause given, contrary to the law and to the prior representations and agreements

made by him within the scope of his actual and apparent authority while acting for Quanta Field Services and Quanta Power.

## COUNT ONE
## WRONGFUL DISCHARGE

11. Plaintiff re-alleges and incorporates herein by reference the allegations contained in Paragraphs 1-10 as if fully set forth herein.

12. Plaintiff was an employee of Quanta Field Services as that term is defined by Montana's Wrongful Discharge from Employment Act, Section 39-2-801, *et seq*.

13. On May 8, 2015, Quanta Field Services terminated Plaintiff's employment without good cause. Although a reduction in work forces is a legitimate ground for lay-off of employees, given the circumstances presented, including the promises, assurances and representations that Plaintiff would continue to maintain employment, the termination of Plaintiff was without good cause.

14. Quanta Field Services did not have good cause to terminate Plaintiff.

15. By reason of the wrongful discharge, Plaintiff has suffered damages in the form of lost wages and fringe benefits for a period of four (4) years from the date of discharge, together with interest thereon, totaling $2,527,505.22.

## COUNT TWO
## NEGLIGENT MISREPRESENTATION RE EMPLOYMENT

16. Plaintiff re-alleges and incorporates herein by reference the allegations contained in Paragraphs 1-15 as if fully set forth herein.

17. Quanta Field Services former President and Quanta Power President Ernest Teague, acting within the scope of his apparent and actual authority, made representations to Plaintiff that, after the restructuring, Plaintiff would continue to be

employed in within the family of Quanta companies.

18. Defendants made representations to Plaintiff, which were material and important, and which were made with knowledge of their falsity, intending for Plaintiff to rely on them.

19. There was actual and justifiable reliance on the part of Plaintiff.

20. As a result of Defendants' negligent misrepresentations, Plaintiff has been damaged in an amount to be proven at trial, including but not limited to incurring $2,527,505.22 in lost wages and relocation expenses, as well as emotional distress and other damages.

## COUNT THREE
## NEGLIGENT MISREPRESENTATION RE MOVING COSTS

21. Plaintiff re-alleges and incorporates herein by reference the allegations contained in Paragraphs 1-20 as if fully set forth herein.

22. Defendant Quanta Field Services agreed and represented that it would pay (a) $10,000 in closing costs, and (b) relocation costs and expenses associated with moving from Whitefish, Montana to Denver, Colorado.

23. Defendant made material representations to Plaintiff, with knowledge of their falsity, intending for Plaintiff to rely on them.

24. There was actual and justifiable reliance on the part of Plaintiff.

25. As a result of Defendant's negligent misrepresentations, Plaintiff has been damaged in the amount of $10,000 in closing costs, $6,800 for nonrefundable deposit for the Denver property, as well as other damages.

## COUNT FOUR
## CONSTRUCTIVE FRAUD

26. Plaintiff re-alleges and incorporates herein by reference the allegations contained in Paragraphs 1-25 as if fully set forth herein.

27. Special circumstances, including the existence of a fiduciary relationship between Plaintiff and Defendants, created a duty on the part of Defendants to be honest and fair in their dealings with Plaintiff.

28. Defendants engaged in constructive fraud by virtue of their affirmative misrepresentations, described above, and their failure to disclose and advise Plaintiff that his position would be terminated, without placement of continued employment within a Quanta company.

29. Defendants, by virtue of their actions and omissions gained an advantage over Plaintiff, and mislead Plaintiff to his detriment.

30. As a result of the constructive fraud, Plaintiff has been damaged in at least the amount of $2,527,505.22 and appropriate sums for emotional distress.

## COUNT FIVE
## BREACH OF COVENANT OF
## GOOD FAITH AND FAIR DEALING

31. Plaintiff re-alleges and incorporates herein by reference the allegations contained in Paragraphs 1- 30 as if fully set forth herein.

32. Defendant Quanta Power owed Plaintiff a duty of good faith and fair dealing, including to act honestly in fact and the observation of reasonable commercial standards of fair dealing.

33. Defendant breached its duty to Plaintiff by the above referenced conduct, causing significant damages to Plaintiff.

34. As a result of Defendant's breach, Plaintiff has been damaged in the amount of $2,527,505.22.

## COUNT SIX
## NEGLIGENT AND TORTIOUS INTERFERENCE

35. Plaintiff re-alleges and incorporates herein by reference the allegations contained in Paragraphs 1- 34 as if fully set forth herein.

36. Quanta Power's representations of continued employment were made without good cause.

37. Defendant's conduct was both intentional and willful, and calculated to cause damage to Plaintiff without right or justifiable cause.

38. As a result of (a) tortious interference with contractual relations and (b) negligent interference with business relations and prospective economic advantage, Plaintiff has been damaged in the amount of $2,527,505.22.

## COUNT SEVEN
## PIERCING THE CORPORATE VEIL

39. Plaintiff re-alleges and incorporates herein by reference the allegations contained in Paragraphs 1- 38 as if fully set forth herein.

40. Quanta Power is liable for all causes of action asserted against Quanta Field Services, as Quanta Field Services is an alter ego, agent or mere instrumentality of Quanta Power, and Quanta Field Services has been used as a subterfuge to defeat public convenience and to wrongfully limit legal exposure of Quanta Field Service, which is undercapitalized.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For actual damages in the amount of $2,527,505.22 and such other damages as may be proven at the time of trial.

2. For all costs and expenses of suit, as allowed by law; and

3. For such other and further additional relief which are just and proper.

Dated this 1st day of July, 2015.

Marcel A. Quinn
P.O. Box 7310
Kalispell, MT 59904-0310
Attorney for Plaintiff

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all issues so triable.

DATED this 1st day of July, 2015.

Marcel A. Quinn
P.O. Box 7310
Kalispell, MT 59904-0310
Attorney for Plaintiff